**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4749**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

QUINCY CARNELL MAYES,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:17-cr-00183-WO-1)

Submitted: June 21, 2018                    Decided: June 26, 2018

Before DIAZ and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Kelley Patricia Kennedy Gates, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quincy Carnell Mayes appeals his conviction and the 87-month sentence imposed after he pled guilty, pursuant to a plea agreement, to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Mayes' attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding there are no meritorious grounds for appeal, but questioning the reasonableness of Mayes' sentence. Mayes has not filed a pro se supplemental brief, despite receiving notice of his right to do so, and the Government has declined to file a response brief. Finding no error, we affirm.

Although we review Mayes' sentence for reasonableness, applying an abuse-of-discretion standard, *see Gall v. United States*, 552 U.S. 38, 46 (2007), we review unpreserved, non-structural sentencing errors for plain error, *see United States v. Lynn*, 592 F.3d 572, 575-76 (4th Cir. 2010). Our review requires consideration of both the procedural and substantive reasonableness of the sentence. *See Gall*, 552 U.S. at 51. First, we assess whether the district court properly calculated the advisory Sentencing Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2012), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *Gall*, 552 U.S. at 49-51; *Lynn*, 592 F.3d at 575-76. If we find no procedural error, we review the sentence for substantive reasonableness, "examin[ing] the totality of the circumstances[.]" *United States v. Mendoza–Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable[,]" *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir.

2

2014), and "[t]hat presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors[,]" *United States v. Vinson*, 852 F.3d 333, 357-58 (4th Cir. 2017) (internal quotation marks omitted).

Our review of the district court record reveals no error. Specifically, the district court correctly adopted Mayes' Guidelines range as set forth in his presentence investigation report, listened to counsel's arguments, and adequately explained its reasons for imposing the 87-month sentence. Although Mayes suggests that the district court should have given more weight to his background, recent work history, and his post-conviction conduct when it decided on an appropriate sentence, this argument amounts to little more than his disagreement with the district court's rationale for the sentence imposed. Moreover, the record establishes that the district court considered Mayes' argument and, after analyzing the § 3553(a) factors it deemed relevant, provided the parties with a well-reasoned and thorough rationale for the selected sentence. Because Mayes has failed to rebut the presumption of reasonableness this court accords his within-Guidelines sentence, his sentence will not be disturbed.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires counsel to inform Mayes, in writing, of the right to petition the Supreme Court of the United States for further review. If Mayes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Mayes. We dispense with oral argument because the

facts and legal arguments are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*